IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Mack Allen Davis, | ) | Case No. 8:24-cv-5429-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Susan Stafford, Lt. B. Smalls, Sgt. | ) | |
| Sandy Lowe, Ofc. Joel Dixion, Cpl. | ) | |
| Shela Flavo, Elizabeth Lawson, Dr. | ) | |
| Steve Garman, Futrell Ofc., LPL Ms. | ) | |
| Jackson, LCPL Canwright, Ofc. Hale, | ) | |
| J. Reuben Long Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a Report and Recommendation (the "First Report") of the Magistrate Judge [Doc. 19 and a motion for temporary restraining order filed by Plaintiff [Doc. 24].  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On February 5, 2025, the Magistrate Judge issued the First Report recommending that Defendants Susan Stafford, Lt. B. Smalls, Sgt. Sandy Lowe, Ofc. Joel Dixion, Cpl. Shela Flavo, LPL Ms. Jackson, LCPL Canwright, Ofc. Hale, and J. Reuben Long Detention Center be summarily dismissed from this action.  [Doc. 19.]  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the First Report and the serious consequences if he failed to do so.  [*Id.* at 15.] Plaintiff's objections to the First Report were entered on the docket on February 18, 2025.  [Doc. 22.]  On February 21, 2025, Plaintiff filed a motion for temporary restraining order [Doc. 24], and

on February 24, 2025, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's motion be denied (the "Second Report") [Doc. 26]. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Second Report and the serious consequences if he failed to do so. [*Id.* at 10.] Plaintiff did not file objections to the Second Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

In the First Report, the Magistrate Judge recommends that Defendants Stafford, Smalls, Lowe, Dixion, Flavo, Jackson, Canwright, Hale, and the Detention Center be dismissed because Plaintiff cannot state a claim for relief against them under 42 U.S.C. § 1983. [Doc. 19.] In his objections, Plaintiff fails to address the Magistrate Judge's conclusions and instead generally repeats his allegations from the Complaint. [*See*

Doc. 22.]  Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the First Report and incorporates it by reference.

As to the Second Report, the Court has reviewed the Report, the record in this case, and the applicable law, and finds no clear error.  Thus, the Court accepts the Second Report's recommendation that Plaintiff's motion for temporary restraining order be denied.

Accordingly, Defendant J. Reuben Long Detention Center is DISMISSED with prejudice,[1] Defendants Susan Stafford, Lt. B. Smalls, Sgt. Sandy Lowe, Ofc. Joel Dixion, Cpl. Shela Flavo, LPL Ms. Jackson, LCPL Canwright, Ofc. Hale, and J. Reuben Long Detention Center are DISMISSED without prejudice, and Plaintiff's motion for temporary restraining order [Doc. 24] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 26, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] *See Hicks v. Greenwood Cnty. Det. Ctr.*, No. 2:17-cv-3320-JMC-MGB, 2018 WL 1136035, at *2 (D.S.C. Feb. 13, 2018) ("It is well-settled law in this circuit that detention centers . . . cannot be sued in a section 1983 lawsuit."), *Report and Recommendation adopted by* 2018 WL 1091278 (D.S.C. Feb. 28, 2018).